1 | JARED L. PALMER, CA Bar No. 287974
jared.palmer@ogletree.com
2 | RYAN C. FINN, CA Bar No. 333209
ryan.finn@ogletree.com
3 | OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
4 | One Embarcadero Center, Suite 900
San Francisco, CA 94111
5 | Telephone:   415-442-4810
Facsimile:   415-442-4870
6
SPENCER C. SKEEN, CA Bar No. 182216
7 | spencer.skeen@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
8 | STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
9 | San Diego, CA 92122
Telephone:   858-652-3100
10 | Facsimile:   858-652-3101

Attorneys for Defendants
12 | CONCENTRA HEALTH SERVICES, INC. and
SELECT EMPLOYMENT SERVICES, INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**'22 CV1152 L    MSB**

| | |
|---|---|
| SAMANTHA BURGOIN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONCENTRA HEALTH SERVICES, INC.; SELECT EMPLOYMENT SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 37-2022-00024622-CU-OE-CTL<br><br>**CLASS ACTION**<br><br>**DEFENDANTS CONCENTRA HEALTH SERVICES, INC. AND SELECT EMPLOYMENT SERVICES, INC.'S ANSWER TO PLAINTIFF SAMANTHA BURGOIN'S UNVERIFIED COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Gregory W Pollack, Dept. C-71]<br><br><br>Action Filed:   June 23, 2022<br>Trial Date:    None Set |

Case No. 37-2022-00024622-CU-OE-CTL
DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendants CONCENTRA HEALTH SERVICES, INC. and SELECT EMPLOYMENT SERVICES, INC. (together, "Defendants") hereby respond to Plaintiff SAMANTHA BURGOIN's ("Plaintiff") unverified Complaint for Damages ("Complaint") as follows:

## GENERAL DENIAL

Plaintiff's Complaint is not verified. Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny generally each and every allegation in the Complaint, and the whole of it, including without limitation, the allegations that Plaintiff or any members of any proposed class that Plaintiff purports to represent are entitled to any of the relief requested, or that Defendants have engaged in any wrongful or unlawful conduct, or that Defendants' conduct or omissions caused any injury or damage in the manner or amount alleged, to be alleged or otherwise, to Plaintiff or any members of any proposed class, or representative group that Plaintiff purports to represent.

Defendants also give notice that they intend to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendants reserve the right to amend this Answer to assert any such defenses, or to modify their admissions, and denials herein, based on such investigation and discovery.

## AFFIRMATIVE DEFENSES

Without waiving any answers and defenses, Defendants, as and for their affirmative defenses to the Complaint, allege as follows. For purposes of these affirmative defenses, the term "Plaintiffs" incorporates and includes Plaintiff and all members of any putative class or representative group that Plaintiff purports to represent.

## FIRST AFFIRMATIVE DEFENSE

### (Overlapping Actions/Exclusive Concurrent Jurisdiction)

1. As a separate and affirmative defense to Plaintiff's complaint and to each cause of action alleged therein, Defendants allege that the Complaint cannot proceed because it is subsumed within multiple other matters already pending in California. Pursuant to the rule of exclusive concurrent jurisdiction, the Court's inherent authority, and all other appropriate authorities, this unnecessary and duplicative action should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

2.  As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

**THIRD AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

3.  As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff, and/or the putative class are barred, in whole or in part, by one or more of the applicable statutes of limitations, including, without limitations, Cal. Code Civ. Proc. §§ 337, 338, 339, 340, Cal. Labor Code § 203, and Cal Bus. & Prof. Code § 17208.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

4.  As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff and/or the putative class are barred, in whole or in part, by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

**(Laches)**

5.  As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff and/or the putative class members are barred, in whole or in part, by the doctrine of laches

**SIXTH AFFIRMATIVE DEFENSE**

**(Res Judicata and Collateral Estoppel)**

6.  As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that the Complaint, each purported cause of action alleged therein, and the elements of relief sought therein are barred, in whole or in part, by res judicata and/or collateral estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

7. As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff and/or the putative class members are barred, in whole or in part, by the unclean hands and/or inequitable or wrongful conduct of Plaintiff and/or the putative class.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver)**

8. As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff and/or the putative class members are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

**NINTH AFFIRMATIVE DEFENSE**

**(Releases)**

9. As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff and/or the putative class members are barred, in whole or in part, to the extent that the individuals who Plaintiff wishes to represent as putative class members may have released some or all of the claims against Defendants that are being asserted in Plaintiff's Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

10. As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that Plaintiff and/or the putative class members failed to exercise due diligence in an effort to mitigate any damages allegedly incurred.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Setoff, Offset, and/or Recoupment)**

11. As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege, based on information and belief, that if Plaintiff and/or

the putative class members are entitled to any damages (which Defendant specifically denies), Defendants are entitled under the equitable doctrines of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff and/or any members of the putative class owed to Defendants against any judgment that may be entered against Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay)

12. As a separate and affirmative Defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that Plaintiff and/or the putative class members are not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendants did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that they did not violate those provisions.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

13. As a separate and affirmative defense to Plaintiff's Complaint and to any wage claims alleged therein, Defendants allege that, to the extent that Plaintiff and/or any members of the putative class were harmed in any way (which Defendants specifically deny), the damages of Plaintiff and/or any members of the putative class are *de minimis* and, thus not legally cognizable or not capable of determination.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute that Wages are Due)

14. As a separate and affirmative defense to Plaintiff's claims for violation of California Labor Code §§ 201 and 202, Defendants allege that Plaintiff and/or any members of the putative class are not entitled to any penalties under California Labor Code § 203 because, at all relevant times, there has been a good faith dispute that any wages are or have been due, thereby precooling the imposition of any waiting time penalties against Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

15. As a separate and affirmative Defense to Plaintiff's claim for violation of California Business and Professions Code § 17200 *et seq.*, Defendants allege that the claims of Plaintiff and/or the putative members of the purported class action are barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

16. As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that the claims brought by Plaintiff and/or any members of the putative class are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that Plaintiff and/or any members of the putative class unreasonably failed to make use of Defendants' practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

17. As a separate and affirmative defense to Plaintiff's complaint and to each cause of action alleged therein by Plaintiff on behalf of putative members of the purported class, Defendants allege that Plaintiff lacks standing and cannot represent the interests of the other alleged class members as to some or all of the purported class and representative claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Constitutional Defense to Penalties)

18. As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that Plaintiff's claims for penalties for alleged violations of the Labor Code are barred by the excessive fines clause of the Eight Amendment to the United States Constitution, and the corresponding provisions of the California Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Due Process)

19. As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that certification of a class action and/or allowing a representative action to proceed would be an unconstitutional denial of Defendants' rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Class Action Requirements)

20. As separate and affirmative defense to Plaintiff's Complaint, Defendants allege that Plaintiff's purported class claim against Defendants are barred, in whole or in part, because Plaintiff had failed to, and cannot satisfy the requirements for maintenance of a class action, including but not limited to, the required elements of ascertainability, commonality, typicality, adequacy, predominance, and superiority.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Preemption / Void Laws)

21. As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that Plaintiff's purported causes of action set forth in the Complaint are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, and/or unenforceable.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Consent)

22. As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that Plaintiff and/or the putative class consented and agreed to the conduct about which they now complain.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Exemptions)

23. As a separate and affirmative defense to Plaintiff's Complaint and to each cause of action alleged therein, Defendants allege that Plaintiff's causes of action against Defendants are barred to the extent Plaintiff and/or the putative class members were at all times exempt from some or all provisions of the California Labor Code governing wages, overtime pay, meal and rest break periods, and hours of employment, from the wage orders of California's Industrial Welfare Commission and/or from any applicable federal law.

### RESERVATION OF ADDITIONAL DEFENSES

Defendants may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendants do not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendants may share some responsibility. Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That the Complaint be dismissed in its entirety and that Plaintiff take nothing by her Complaint;
2. That judgment be entered against Plaintiff and in favor of Defendants on all causes of action;
3. That Defendants be awarded attorneys' fees and costs of suit incurred herein; and

/ / /
/ / /
/ / /
/ / /

4.  That Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED:  August 3, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
JARED L. PALMER
RYAN C. FINN
SPENCER C. SKEEN

Attorneys for Defendants
CONCENTRA HEALTH SERVICES, INC. and SELECT EMPLOYMENT SERVICES, INC.

**PROOF OF SERVICE**
*Samantha Burgoin v. Concentra Health Services, Inc. et al.*
California Superior Court, County of San Diego
Case No. 37-2022-00024622-CU-OE-CTL

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Francisco in the office of a member of the bar of this court at whose direction the service was made. My business address is One Embarcadero Center, Suite 900, San Francisco, CA 94111.

On August 3, 2022, I served the following document(s):

**DEFENDANTS CONCENTRA HEALTH SERVICES, INC. AND SELECT EMPLOYMENT SERVICES, INC.'S ANSWER TO PLAINTIFF SAMANTHA BURGOIN'S UNVERIFIED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed to:

| | |
|---|---|
| Nicholas J. Ferraro<br>Lauren N. Vega<br>Elida M. Espinoza<br>FERRARO VEGA EMPLOYMENT LAWYERS, INC.<br>3160 Camino del Rio South, Suite 308<br>San Diego, CA  92108<br>Tel:     619-693-7727<br>Fax:    619-350-6855<br>E-Mail: lauren@ferrarovega.com<br>            nick@ferrarovega.com | Attorneys for Plaintiff |

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 3, 2022 at San Rafael, CA.

*[signature]*
_____
Pamela A. Leonard

52391951.v1-OGLETREE
Case No. 37-2022-00024622-CU-OE-CTL

PROOF OF SERVICE